MORGAN, LEWIS & BOCKIUS LLP
Arjun P. Rao, Bar No. 265347
arjun.rao@morganlewis.com
Marcos Sasso, Bar No. 228905
marcos.sasso@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA  90067
Tel: +310.907.1000
Fax: +1.310.907.1001

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. MARRON, on behalf of himself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; a national banking association; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. '24CV1569 JES  AHG<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, 1453]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel, removes the above-entitled action (the "Action") to this Court from the Superior Court of California, County of San Diego, pursuant 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of 28 U.S.C.). This removal is based on the following grounds.

**I.     PROCEDURAL BACKGROUND**

1. On January 18, 2024, plaintiff Ronald A. Marron ("Plaintiff") filed an individual action against Chase, titled <u>Ronald A. Marron v. JPMorgan Chase Bank, a national banking association, and DOES 1-10, Inclusive</u>, Case No. 37-2024-00006839-CU-BC-CTL (the "Action"), in which he asserted the nine cases of action.

2. On or about July 15, 2024, Plaintiff filed a First Amended Class Action Complaint (the "FAC"). The FAC contains the same nine causes of action that were asserted within the original complaint: (1) breach of contract; (2) fraud in the inducement; (3) fraudulent misrepresentation; (4) false promise; (5) negligent misrepresentation; (6) promissory estoppel; (7) negligence; (8) violation of the Unfair Competition Laws; and (9) reformation.

3. Plaintiff filed the Action as an unlimited civil case (exceeds $25,000) and, by his FAC, Plaintiff seeks compensatory damages, disgorgement of profits and surplus, injunctive relief, reformation of the loan note and deed of trust, and other relief.

4.      Plaintiff served Chase with the FAC on August 5, 2024.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the FAC and all accompanying exhibits.[1]

## II.     REMOVAL IS TIMELY

5.      Defendant was served with the FAC on August 5, 2024.  Because this Notice of Removal is filed within 30 days of service of the FAC, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

6.      Plaintiff seeks to bring this Action as a putative class action under California Code of Civil Procedure § 382.  See Exh. A, Compl. ¶ 27.  Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between Plaintiff and Chase; and (iii) the amount placed in controversy by the FAC exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.  Chase denies Plaintiff's factual allegations and denies that Plaintiff, or the putative class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the FAC and his prayers for relief, all requirements for jurisdiction under CAFA have been met.[2]  Accordingly, diversity of citizenship

---

[1] A copy of the original complaint, as well as all other pleadings, process, and orders served upon Chase or filed in the Superior Court action are attached hereto as **Exhibit B**.

[2] Chase does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Indeed, Chase does not believe that the putative class definition is proper.  In addition, Chase in no way concedes that any of Plaintiff's claims are sufficiently

exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Has More Than 100 Members.

7. Plaintiff asserts claims on behalf of a putative class comprised of "[a]ll persons who entered into a Lock In Agreement with [Chase] to secure an interest rate on a residential mortgage and who were eventually given an interest rate higher than one represented in the Lock In Agreement during the applicable statute of limitations ('Class Period')." (Exh. A, FAC. ¶ 25.)

8. Plaintiff also asserts claims on behalf of a putative subclass comprised of "[a]ll persons who are residents of California and/or who took out a mortgage on real property secured in the state of California and who entered into a Lock In Agreement with [Chase] to secure an interest rate on a residential mortgage and who were eventually given an interest rate higher than the one represented in the Lock In Agreement during the Class Period." (Id., ¶ 26.)

9. Plaintiff alleges that the number of class members to be "hundreds of individuals." (Id. ¶ 34.) Upon information and belief, and based on a limited review of available data, Chase believes that the number of persons who entered into a rate lock agreement and who ultimately agreed to a higher interest rate within their loan agreement from the period of January 18, 2020 through January 18, 2024 exceeds 350.³ Thus, the first element of CAFA's removal test is satisfied.

### B. Diversity of Citizenship Exists.

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2);

---

pled. Chase hereby expressly reserves its right to challenge both the putative class definition and Plaintiff's claims in response to the FAC.

³ As noted above, Chase does not concede that the class definition is appropriate or that any such persons have a claim against Chase.

<u>United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.</u>, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

11.   Plaintiff alleges that he is a citizen of California. (Exh. A, Compl., ¶ 8.) The FAC does not allege any alternate state citizenship. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

12.   Chase is a national banking association with its main office, as designated within its articles of associations, in Ohio. As a result, for diversity purposes Chase is a citizen of Ohio. <u>See</u> 28 U.S.C. § 1348; <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307, 126 S. Ct. 941, 945(2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); see also <u>Spano v. JPMorgan Chase Bank, N.A.</u>, 521 F. App'x 66, 69 n.2 (3d Cir. 2013) ("For diversity purposes, Chase is citizen of Ohio because it is a 'national bank' and its main office, as set forth in its articles of incorporation, is located in that state."); accord <u>Blackman v. JPMorgan Chase, N.A.</u>, 2022 U.S. Dist. LEXIS 60243, at *13 (E.D.N.Y. Mar. 31, 2022) ("Chase's articles identify Ohio as the location of its main office and therefore as its state of citizenship."); <u>Project Stewart Ltd. Liab. Co. v. JPMorgan Chase Bank, N.A.</u>, 2022 U.S. Dist. LEXIS 60546, at *8 (W.D. Wash. Mar. 31, 2022) ("[Chase's] articles of association establish that its main office is located in Columbus, Ohio."); <u>Young v. JP Morgan Chase Bank, N.A.</u>, 2018 U.S. Dist. LEXIS 28478, at *2 (E.D. Ark. Feb. 22, 2018) ("[Chase] is a national bank with its main office, as designated by its articles of association, in Columbus, Ohio").

13.   Complete diversity of citizenship exists because Plaintiff and Chase are citizens of different states and Chase is not a citizen of California.

14. Accordingly, at least one member of the putative plaintiff class, i.e., Plaintiff, is a citizen of a State different from at least one defendant. Minimal diversity is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only minimal diversity under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### C. The Amount in Controversy Exceeds $5,000,000.

15. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

16. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

17. In alleging amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1198 n.1 (9th Cir. 2015); see also LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

18. Moreover, the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe. LaCross, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

19. Although Chase denies Plaintiff's factual allegations and denies that Plaintiff or any putative class member is entitled to any relief whatsoever, as detailed below, Plaintiff's allegations and prayer for relief put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members.[4]

20. As stated above, Plaintiff seeks to represent a class of "[a]ll persons who entered into a Lock In Agreement with [Chase] to secure an interest rate on a residential mortgage and who were eventually given an interest rate higher than one represented in the Lock In Agreement during the applicable statute of limitations ('Class Period')." (Exh. A, ¶ 25.) He also seeks to represent a subclass comprised of California residents for purposes of his claims for violation of the California Unfair Competition Laws and reformation. (Id. ¶ 26.)

21. Plaintiff further believes that the number of class members to be "hundreds of individuals." (Id. ¶ 34.)

---

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by the FAC. Chase maintains that Plaintiff's claims are without merit and that Chase is not liable to Plaintiff or any putative class member. Chase expressly denies that Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the FAC. In addition, Chase denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the FAC or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

22. Plaintiff seeks compensatory damages in the amount of extra money paid each month for the mortgage due to the increase of the interest rate. (Id. ¶¶ 3, 53, 61, 69, 78, 84, 91, 95, Prayer for Relief.) He also seeks disgorgement of profits and surplus, and other relief. (Id. ¶ 97, Prayer for Relief.)

23. Here, based on the allegations of the FAC and the exhibits thereto, as well as preliminary calculations of the difference between the amounts paid by Plaintiff at an interest rate of 2.75% (the alleged higher interest rate) versus the interest rate of 2.625% (the alleged rate within the rate lock agreement entered into by Plaintiff), over a thirty (30) year life term of the loan, Plaintiff's purported damages would exceed $16,500.

24. Thus, taking Plaintiff's allegations, including his allegations that his claims are typical of those within the putative class (FAC at ¶ 36), as true solely for purposes of establishing the amount in controversy, as well as Chase's belief as described in Paragraph 9, above, and also upon information and belief based on a limited review of available data, the amount in controversy exceeds $5,000,000. Accordingly, the amount in controversy requirement under CAFA is satisfied.

**IV.   VENUE**

25. This action was originally filed in the Superior Court for the County of San Diego. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

**V.   NOTICE**

26. Chase will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

**VI.   CONSENT**

27. Chase is the only named defendant in the Action and is not aware of any other defendants that have been named in, or served with, the FAC.

Accordingly, consent to removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

## VII.  CONCLUSION

28. Based on the foregoing, Chase hereby removes this Action. If any question arises as to the propriety of the removal of this Action, Chase respectfully requests the opportunity to present evidence in support of its position that this case is subject to removal.

Dated: September 4, 2024　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　　　　　By  */s/ Marcos Sasso*
　　　　　　　　　　　　　　　　　　　　　　Arjun Rao
　　　　　　　　　　　　　　　　　　　　　　Marcos Sasso

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE

I, KC Rosello, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653. On September 4, 2024, I served a copy of the within document(s):

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Costa Mesa, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael G. Olinik, Esq.  *Attorney for Plaintiff*
THE LAW OFFICE OF MICHAEL G. OLINIK  *Ronald A. Marron*
501 W. Broadway, Suite 800
San Diego, CA 92101
michael@olinik.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 4, 2024, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ KC Rosello*

KC Rosello

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB1/ 150287412.3